IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KATHY JO BERRYMAN,

                         Plaintiff,

        v.                                                    OPINION and ORDER

FRANK J. BISIGNANO,                                          22-cv-527-jdp
Commissioner of the Social Security Administration,[1]

                         Defendant.

---

This is an action for judicial review of the Social Security Administration's denial of Kathy Jo Berryman's application for disability benefits. After this court reversed and remanded the decision of the commissioner for further proceedings, Berryman received a favorable decision from the commissioner. Vincent Angermeier, counsel for Berryman, moves for a fee award under 42 U.S.C. § 406(b). Dkt. 31. The statute allows a prevailing party to recover a reasonable fee, but the total amount awarded at the district court and the administrative level may not exceed 25 percent of the past benefits awarded. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

In assessing a fee for reasonableness, the court starts with the fee specified by the contingency agreement between Berryman and her counsel. *Arnold v. O'Malley*, 106 F.4th 595, 601 (7th Cir. 2024) (per curiam). In this case, Berryman agreed to pay Angermeier a contingency fee of 25 percent of any award of past benefits that she received. Dkt. 32, Ex. 3.

---

[1] The court has amended the caption to reflect Frank J. Bisignano's appointment as Commissioner. Fed. R. Civ. P. 25(d).

Berryman was awarded past benefits totaling $143,408, Dkt. 32, Ex. 1, at 5, and 25 percent of that award is $35,852.[2]

The court must determine whether the contingency fee is unwarranted, and thus, should be reduced. To make this determination, the court considers factors relevant to the "character of the representation and the results the representation achieved." *Gisbrecht*, 535 U.S. at 808. These factors include:

> the claimant's satisfaction with their attorney's representation;
>
> the attorney's expertise and efforts expended;
>
> whether the attorney engaged in any undue delay or overreaching;
>
> the uncertainty of recovery and risks of an adverse outcome; and
>
> how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold*, 106 F.4th at 601.

The court finds no reason to award Angermeier less than the full contingent fee amount to which he and Berryman agreed. Neither Berryman nor the commission has objected to Angermeier's motion. This case involved two remand orders—one issued by the Eastern District of Wisconsin, No. 20-cv-692, Dkt. 41, and one issued by this court. Angermeier assisted Berryman throughout all this back-and-forth, and it's undisputed that he achieved good results for his client. Moreover, there's no evidence that Angermeier's effective hourly rate (about $273) exceeds that charged by other attorneys in the field.[3] The court will approve a representative fee in the gross amount of $35,852.

---

[2] Angermeier states that 25 percent of the past-benefits award is $35,382, Dkt. 32, at 1, but that is a miscalculation.

[3] Angermeier spent 131.1 hours on this case. Dkt. 32, at 3 n.2.

Angermeier asks the court to allow him to retain the $26,479.58 that he previously received in fees under the Equal Access to Justice Act (EAJA). Dkt. 32, at 2.[4] When an attorney receives fees under both the EAJA and § 406(b), the attorney must refund the smaller fee awarded to the claimant. 28 U.S.C. § 2412 note (Savings Provision); *see Gisbrecht*, 535 U.S. at 796; *Arnold v. Bisignano*, 145 F.4th 768, 770 (7th Cir. 2025). Angermeier proposes subtracting the EAJA fees from the gross fee award, which would result in a net fee of $9,372.42. Dkt. 32, at 2.[5]

To conserve judicial resources, and for efficiency's sake, the court will subtract from the gross amount of representative fees the $26,479.58 that Angermeier received under the EAJA, which would otherwise have to be refunded to Berryman. The net amount that should be dispersed to Angermeier from Berryman's past-due benefits is $9,372.42.

## ORDER

IT IS ORDERED that:

1. Vincent Angermeier's motion for attorney fees under 42 U.S.C. § 406(b), Dkt. 31, is GRANTED.

2. The court approves representative fees under § 406(b) in the gross amount of $35,852.

3. Angermeier may retain the $26,479.58 previously awarded in EAJA fees in partial satisfaction of the § 406(b) award.

---

[4] Angermeier received $12,500 in EAJA fees in *Berryman v. Kijakazi*, No. 20-cv-692 (E.D. Wis.), Dkt. 44, and he received $13,979.58 in EAJA fees in this case.

[5] Because of the previously identified typographical error, Angermeier requests $9,102.42, Dkt. 32, at 2, but it is clear that he meant to request $9,372.42.

4. The net amount of $9,372.42 shall be disbursed by the commissioner from any of Berryman's past-due benefits being withheld and in accordance with agency policy.

Entered June 12, 2026.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge